NAOMI JANE GRAY (SBN 230171)
SHADES OF GRAY LAW GROUP, P.C.
100 Shoreline Highway, Suite 100B
Mill Valley, CA 94941
Telephone:  (415) 746-9260
Facsimile:  (415) 938-4328
ngray@shadesofgray.law

Attorneys for Defendant
FIRESTONE PUBLIC HOUSE, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGESTONE BRANDS, LLC<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FIRESTONE PUBLIC HOUSE, LLC,<br><br>　　　　　　Defendant | Case No. 17-cv-01452-MCE-CKD<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM; JURY DEMAND** |

Defendant Firestone Public House, LLC ("Firestone"), by and through its undersigned counsel, hereby responds to the Complaint of Plaintiff Bridgestone Brands, LLC ("Bridgestone") as follows:

## **NATURE OF THE ACTION**

1. Admits that the Complaint purports to state claims for trademark infringement, trademark dilution, and unfair competition.  Admits that Firestone sells FIRESTONE beer with the knowledge and consent of the proprietors of FIRESTONE beer.  Denies the remaining allegations of Paragraph 1.

## THE PARTIES

2. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 2.

3. Admits.

## JURISDICTION AND VENUE

4. Admits that Firestone resides in California.  The remaining allegations of Paragraph 4 state legal conclusions to which no answer is required.  To the extent an answer is required to the remaining allegations of Paragraph 4, Firestone denies those allegations.

5. Paragraph 5 states legal conclusions to which no answer is required.  To the extent an answer is required, Firestone denies the allegations of Paragraph 5.

## FIRESTONE AND ITS [ALLEGEDLY] FAMOUS FIRESTONE NAME AND TRADEMARK

6. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 15.

## SALE AND PROMOTION OF FIRESTONE PRODUCTS AND SERVICES

16. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 24.

**DEFENDANT AND ITS [ALLEGEDLY] WRONGFUL ACTS**

25. Admits that Firestone operates a restaurant and bar in a building on the corner of 16th and L Streets in Sacramento in a building that once housed a Firestone tire shop. Deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 25.

26. Admits that the name of Firestone's restaurant and bar is FIRESTONE PUBLIC HOUSE. Denies the remaining allegations of Paragraph 26.

27. Admits that Firestone offers Firestone beer at its restaurant and bar, with the knowledge and consent of the proprietors of Firestone beer. Denies the remaining allegations of Paragraph 27.

28. Admits that Firestone serves Firestone beer individually and as part of a "beer flight" that it calls "FPH Flight." Denies the remaining allegations of Paragraph 28.

29. Admits that the "FPH Flight" currently consists of Firestone beer. Denies the remaining allegations of Paragraph 29.

30. Admits that the other beer flights that Firestone is currently offering include different beers from different companies. Denies the remaining allegations of Paragraph 30.

31. Admits that Firestone does not currently call its flights containing beer other than Firestone beer "FPH Flight." Denies the remaining allegations of Paragraph 31.

32. Admits that Firestone's menu currently offers "Firestone Wings," a "Firestone Combo" pizza, a "Firestone Burger," and "Firestone Chili." Denies the remaining allegations of Paragraph 32.

33. Admits that Firestone has displayed its FIRESTONE PUBLIC HOUSE mark on its website and in social media. Admit that in certain depictions of FIRESTONE PUBLIC HOUSE, the word FIRESTONE appears larger than PUBLIC HOUSE. Admit that the word FIRESTONE is sometimes shown without the accompanying words PUBLIC HOUSE. Denies the remaining allegations of Paragraph 33.

34. Admit that some depictions of the FIRESTONE PUBLIC HOUSE BRAND include a tire tread. Deny the remaining allegations of Paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 35.

36. Denies the allegations of Paragraph 36.

37. Admits that Bridgestone sent correspondence to Firestone. Denies the remaining allegations of Paragraph 37.

## [ALLEGED] INJURY TO THE PUBLIC AND [BRIDGESTONE]

38. Denies the allegations of paragraph 38.

39. Denies the allegations of Paragraph 39.

40. Denies the allegations of Paragraph 40.

41. Denies the allegations of Paragraph 41.

## FIRST CLAIM FOR RELIEF

42. Firestone repeats and realleges its responses to the allegations of Paragraphs 1- 41.

43. Paragraph 43 states legal conclusions and arguments to which no answer is required. To the extent an answer is required, Firestone denies the allegations of Paragraph 43.

## SECOND CLAIM FOR RELIEF

44. Firestone repeats and realleges its responses to the allegations of Paragraph 1- 43.

45. Paragraph 45 states legal conclusions and arguments to which no answer is required. To the extent an answer is required, Firestone denies the allegations of Paragraph 45.

## THIRD CLAIM FOR RELIEF

46. Firestone repeats and realleges its responses to the allegations of

Paragraphs 1 - 45.

47. Paragraph 47 states legal conclusions and arguments to which no answer is required. To the extent an answer is required, Firestone denies the allegations of Paragraph 47.

48. Paragraph 48 states legal conclusions and arguments to which no answer is required. To the extent an answer is required, Firestone denies the allegations of Paragraph 48.

**FOURTH CLAIM FOR RELIEF**

49. Firestone repeats and realleges its responses to the allegations of Paragraphs 1- 48.

50. Paragraph 50 states legal conclusions and arguments to which no answer is required. To the extent an answer is required, Firestone denies the allegations of Paragraph 50.

**FIFTH CLAIM FOR RELIEF**

51. Firestone repeats and realleges its responses to the allegations of Paragraphs 1- 50.

52. Paragraph 52 states legal conclusions and arguments to which no answer is required. To the extent an answer is required, Firestone denies the allegations of Paragraph 52.

53. Paragraph 53 states legal conclusions and arguments to which no answer is required. To the extent an answer is required, Firestone denies the allegations of Paragraph 53.

**SIXTH CLAIM FOR RELIEF**

54. Firestone repeats and realleges its responses to the allegations of Paragraphs 1- 53.

55. Paragraph 55 states legal conclusions and arguments to which no answer is

required.  To the extent an answer is required, Firestone denies the allegations of Paragraph 55.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief may be granted.
2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.
3. Plaintiff's claims are barred in whole or part by the doctrine of laches.
4. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to protect its trademark or to mitigate damages.
5. Plaintiff's claims are barred in whole or in part due to the doctrine of abandonment.
6. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.
7. Plaintiff's claims are barred in whole or in part by the doctrine of acquiescence.
8. Plaintiff's claims are barred in whole or in part due to an implied license.
9. Plaintiff's claims are barred in whole or in part because Firestone has priority of use of the FIRESTONE mark.
10. Firestone reserves the right to asset additional affirmative defenses based on further investigation and discovery.

## PRAYER FOR RELIEF

Firestone denies the allegations in Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief.

WHEREFORE, Firestone respectfully prays that the Court enter a judgment:

1. Dismissing Plaintiff's claims against Firestone with prejudice and on the merits;
2. Awarding Firestone its costs of suit herein;
3. Awarding Firestone such attorneys' fees as may be allowed by applicable law; and

  4. Awarding Firestone such other relief as the Court may deem just and proper under the circumstances

## COUNTERCLAIMS

For its counterclaims, Firestone alleges as follows:

  1. Firestone is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 1132 16th Street, Sacramento, California.

  2. On information and belief, Bridgestone is a Delaware limited liability company with its principal place of business at 535 Marriott Drive, Nashville, Tennessee.

## JURISDICTION AND VENUE

  3. This Court has subject matter jurisdiction over this Counterclaim pursuant to 15 U.S.C. §§ 1119 and 1121.  By commencing this action, Bridgestone has consented to the personal jurisdiction of, and venue in, this Court.

## FACTUAL ALLEGATIONS

  4. Firestone was founded by native Sacramentans and brothers Mason, Alan and Curtis Wong.  The Wongs' father, Sun Wong, immigrated to Sacramento from China, founded the family's first restaurant in Sacramento in the 1970's, and served multiple terms on the Sacramento City Council.  Beginning in 2005, the brothers opened a series of dining and entertainment establishments in central Sacramento, and have substantially contributed to the revitalization of the area.

  5. In early 2012, Firestone opened Firestone Public House ("FPH"), a restaurant and sports bar in central Sacramento.  The building that houses FPH was known as the Firestone Building because, many years ago, it served as the location of a Firestone Tire shop.

6. Since opening, Firestone has expended great effort and substantial sums developing and protecting the FIRESTONE PUBLIC HOUSE brand.  FPH is well known in the Sacramento and surrounding area, and has been widely lauded in the community and in the press.  As a result, FPH enjoys strong common-law trademark rights in its name.

7. FPH opened years before Plaintiff sought to register the trademark FIRESTONE for restaurant and bar services.  Plaintiff's asserted registration for restaurant and bar services, U.S. Trademark Registration No. 5,086,764 (the '764 Registration), appears to be based on the fact that a country club owned by Plaintiff in Akron, Ohio, includes a restaurant known as the "1929 Grille."  On information and belief, Plaintiff did not offer restaurant and bar services in the Sacramento, California area before 2012.  Plaintiff did not apply for the '764 Registration until 2016.

8. From its inception in 2012, FPH has carried Firestone beer produced by Firestone Walker Brewing Company ("FWBC"), among many other brands.  The proprietors of FWBC were personally aware of FPH's use of the trade name and trademark FIRESTONE PUBLIC HOUSE, and never objected to that use.

9. On information and belief, there are several other dining establishments in California and throughout the United States using a trade name and/or trademark incorporating the word FIRESTONE.  At least one such establishment, Firestone Grill in San Luis Obispo, California, opened in a former Firestone Tire shop.  On information and belief, Firestone Grill has no relationship with Plaintiff.

## FIRST COUNTERCLAIM
## TRADEMARK CANCELLATION
## 15 U.S.C. §§ 1119, 1052(d)

10. Firestone repeats and realleges the allegations of Paragraphs 1-9 of the Counterclaim.

11. Firestone has been using its FIRESTONE PUBLIC HOUSE mark continuously since at least as 2014.

12. Plaintiff did not apply for the '764 Registration until 2016.  On information and belief, Plaintiff did not use the FIRESTONE mark in connection with restaurant and bar services in the Sacramento area before 2014.

13. Plaintiff's continued registration of the '764 Registration is likely to cause confusion, mistake, or to deceive consumers as the source, sponsorship or affiliation of the parties' respective goods and services.

## PRAYER FOR RELIEF

WHEREFORE, Firestone respectfully prays that the Court enter a judgment:

1. Ordering the cancellation of U.S. Registration No. 5,086,764;

2. Certifying the order of cancellation of U.S. Registration No. 5,086,764 to the Director of the United States Patent and Trademark Office pursuant to 15 U.S.C. § 1119;

3. Awarding Firestone its costs of suit herein;

4. Awarding Firestone such attorneys' fees as may be allowed by applicable law; and

5. Awarding Firestone such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  September 8, 2017          Respectfully submitted,


SHADES OF GRAY LAW GROUP, P.C.
NAOMI JANE GRAY


By:   */s/ Naomi Jane Gray*
Attorneys for Defendant
FIRESTONE PUBLIC HOUSE, LLC

## **JURY DEMAND**

Firestone demands a jury trial of all issues so triable.

Dated: September 8, 2017        Respectfully submitted,

                                SHADES OF GRAY LAW GROUP, P.C.
                                NAOMI JANE GRAY


                                By:    */s/ Naomi Jane Gray*
                                Attorneys for Defendant
                                FIRESTONE PUBLIC HOUSE, LLC